IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 4:07CR3023 |
| | ) | |
| IGNACIO MONTES-MEDINA, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER ON THE |
| | ) | DEFENDANT'S OBJECTIONS TO THE |
| | ) | MAGISTRATE JUDGE'S REPORT AND |
| | ) | RECOMMENDATION |

The defendant, Ignacio Montes-Medina, has moved to suppress evidence that was seized from a residence in Grand Island, Nebraska, on December 27, 2006. (See filings 37, 43.) In accordance with 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Criminal Procedure 59(b)(1), United States Magistrate Judge David L. Piester has recommended that I deny the defendant's motion. (See filing 47.) Now before me are the defendant's objections to the magistrate judge's report and recommendation. (See filing 53.) In the course of my de novo review of those portions of the magistrate judge's report and recommendation that the defendant challenges, see United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. 636(b)(1); Fed. R. Crim. P. 59(b)(3), I have studied the magistrate judge's report and recommendation, (filing 47), and the motions, brief, and exhibits filed by the defendant, (filings 37, 43, 53). After carefully reviewing these materials, I find that the magistrate judge's recommendation should be adopted. The defendant's objections will be overruled, and his motion to suppress will be denied.

## I.  BACKGROUND

On March 2, 2007, the defendant filed a "Motion to Suppress and Request for Evidentiary Hearing," arguing that evidence was seized from a residence in Grand Island, Nebraska (the residence) "in violation of the fourth and fourteenth amendments to the United States Constitution." (Filing 37, ¶ 1.) More specifically, the defendant argued that the search of the

1

residence was illegal due to the absence of consent, a valid warrant, or exigencies or other circumstances that would justify the search in the absence of a warrant. (Id. ¶¶ 2-3.) The magistrate judge noted that the defendant's "boilerplate" motion was not supported by evidence or a brief, and he granted the defendant time to correct these deficiencies. (See filing 41; see also filing 40.)

On March 22, 2007, the defendant filed a "renew[ed]" motion to suppress, along with a "Memorandum of Law" and four exhibits. (See filing 43. But see filings 45-46 (indicating that the defendant's filings did not comply fully with the court's procedures).) In his memorandum of law, the defendant argued that the items seized from the residence must be suppressed for the following reasons: 1) a preliminary protective sweep of the residence violated the Fourth Amendment, (see Mot. to Suppress & Mem. of Law, filing 43, at 2-4); 2) the preliminary sweep was not justified by exigent circumstances, (see id. at 4-6); 3) the unlawfulness of the preliminary sweep tainted the evidence that was subsequently seized from the residence pursuant to a warrant, (see id. at 7); 4) the lawfulness of the search must be evaluated using "federal standards," (id. at 8 (citing United States v. Goodson, 165 F.3d 610, 614 (8th Cir, 1999); 18 U.S.C. § 3109; Fed. R. Crim. P. 41)); 5) the officers failed to "knock and announce" before entering the residence, (id. at 8); and 6) the "officers omitted critical information in the search warrant application in violation of the Fourth Amendment," (id. at 9 (citing Franks v. Delaware, 438 U.S. 154 (1978))).

The magistrate judge began his analysis of the defendant's renewed motion by considering the claim that critical information was omitted from the search warrant application. (See filing 47 at 2.) The magistrate judge found that although the search warrant affidavit was lacking in clarity and specificity, the affidavit nevertheless established probable cause to believe that evidence of drug trafficking would be found at the residence. (See id. at 2-8.) In addition, the magistrate judge concluded that the documents submitted by the defendant in support of his motion did not undermine the affidavit, (see id.), and that the defendant failed to demonstrate any of the "prerequisite[s] to obtaining a hearing under Franks," (see id. at 3). Noting that "no information about or evidence from [the officer's earlier, warrantless entry into the residence] was presented in the warrant application," the magistrate judge determined that there was no

2

need to decide whether that entry violated the Fourth Amendment. (Id. at 8.) Therefore, the magistrate judge recommended that the defendant's motion to suppress be denied. (See id.)

## II. ANALYSIS

The defendant raises two objections to the magistrate judge's report and recommendation. (See generally filing 53.) First, he objects to the magistrate judge's conclusion that the warrant affidavit was sufficient to establish probable cause. (See id. at 1-2.) Next, he objects to the magistrate judge's finding that the information omitted from the warrant affidavit did not undermine the issuing judge's probable cause determination. (See id. at 2-4.) I shall consider each of these objections in turn.

### A. The Warrant Affidavit Established That There Was a Fair Probability That Evidence of a Crime Would Be Found at the Residence

The defendant objects to the magistrate judge's finding that the warrant affidavit established probable cause to believe that the residence contained drugs or evidence of drug trafficking. (Filing 53 at 1-2; see also filing 47 at 2.) He asserts that the "information contained in the affidavit . . . is essentially a shell with no substance," and that "[t]he information supporting probable cause in the affidavit generally lacks any credible corroboration." I disagree.

> The Fourth Amendment requires a showing of probable cause before a search warrant may be issued. Determinations of probable cause must be premised on the totality of the circumstances. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."

United States v. Williams, 477 F.3d 554, 557 (8th Cir. 2007) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

As the magistrate judge noted, the affidavit is somewhat lacking in clarity and specificity. (See filing 47 at 4-5.) Nevertheless, the affidavit's allegations, when read in a "common-sense" manner, may be summarized as follows.

1. The following events occurred on December 27, 2006, which was also the date of the warrant application.

3

2. A "Cooperating Individual" (CI) communicated with two "Hispanic males" who had previously contacted the CI to arrange a methamphetamine purchase.

3. The "Hispanic males" told the CI that they were in possession of five kilos of methamphetamine.

4. The "Hispanic males" agreed to sell one-half pound of methamphetamine to the CI for $4000.00.

5. After meeting with the CI at an unspecified location, the "Hispanic males" told the CI to appear at a particular car wash in fifteen minutes.

6. The affiant, a Grand Island Police Department officer with experience investigating the distribution of controlled substances, observed the "Hispanic males" depart from the unspecified meeting location in a green Toyota Celica.

7. A Nebraska State Patrol investigator observed the green Toyota Celica at the residence, and he observed the "Hispanic males" exit the residence and enter the green Toyota Celica.

8. The green Toyota was followed to the area of the car wash.

9. One of the "Hispanic males" exited the green Toyota Celica and approached the car wash, while the other drove off in the vehicle.

10. The affiant and a Tri-City Drug Task Force investigator made contact with the "Hispanic male" in the car wash parking lot, conducted a pat-down search, and discovered "a large plastic package containing an off white crystal substance."

11. The substance in the package weighed 8.4 ounces, and a field test of the substance "was positive for the presumptive presence of [m]ethamphetamine."

12. The CI informed the affiant that "the two Hispanic males told him that all the rest of the [m]ethamphetamine" was located at the residence.

(Filing 43, Ex. 2, Search Warrant Aff.)  The affidavit also states that "the two Hispanic males" went to the residence before delivering methamphetamine in "two controlled purchases"–though it fails to specify the date and time of these purchases or how the affiant came to know of them. (See id. at 2; see also id. at 1 ("Your affiant advises that he has prior knowledge that the Two Hispanic males have gone to [the residence] to retrieve methamphetamine.").)

I agree that the affidavit is weakened by its failure to specify the times of the events

4

alleged therein and its vagueness concerning certain other details.  (See filing 47 at 4-5.) Nevertheless, the affidavit provided the issuing judge "with a substantial basis for determining the existence of probable cause," United States v. Etheridge, 165 F.3d 655, 658 (8th Cir. 1999), and it established "a fair probability that contraband or evidence of a crime would be found" at the residence, Gates, 462 U.S. at 238.

The defendant argues that the information presented in the affidavit "lacks any credible corroboration."  (Filing 53 at 2.)  It is true that the affidavit does not establish the reliability of the CI by reciting that he or she "had given reliable information to police in the past."  United States v. Hunley, 567 F.2d 822, 825 (8th Cir. 1977).  However, the affidavit does establish that the CI was a reliable participant in the investigation of the "Hispanic males" on December 27, 2006, and the police investigation described in the affidavit "generally corroborated" the CI's statement that additional drugs may be found at the residence.  United States v. Reivich, 793 F.2d 957, 960 (8th Cir. 1986).  The affidavit states that during the course of their investigation, law enforcement officers learned that the "two Hispanic males" had arranged to sell one-half pound of methamphetamine to the CI at a car wash; observed the "Hispanic males" at the residence; followed the "Hispanic males" from the residence to the car wash; contacted one of the "Hispanic males" in the parking lot at the car wash; and discovered approximately one-half pound of methamphetamine in his possession.  These statements indicate that the "Hispanic males" may have gone to the residence to retrieve methamphetamine to complete the transaction with the CI, and, although they do not provide specific corroboration for the CI's statement that an additional quantity of methamphetamine was stored at the residence, they do suggest a fair probability that contraband would be found at the residence, and they provide general support for the reliability of the CI.  See Reivich, 793 F.2d at 960 ("The theory connecting reliability and corroboration is that an informant who is correct about some things more likely will be correct about critical unverified facts . . . and it is not necessary to a finding of reliability that the corroboration extend to illegal activity as well as to innocent details." (Citations omitted)).

Because the warrant affidavit established "a fair probability that contraband or evidence of a crime would be found" at the residence, Illinois v. Gates, 462 U.S. 213, 238 (1983)), the defendant's first objection to the report and recommendation is overruled.

**B.     The Defendant Has Failed to Establish That He Is Entitled to a <u>Franks</u> Hearing**

The defendant also objects to the magistrate judge's determination "that the alleged omissions [from the affidavit] are not material to a determination of probable cause," (filing 53 at 2), arguing that the affiant omitted facts in reckless disregard of whether those omissions would make the affidavit misleading, (<u>id.</u> at 2-4).  For the following reasons, I must reject the defendant's argument.

"A facially sufficient affidavit . . . may be challenged on the ground that it includes deliberate or reckless falsehoods . . . and this rule has been extended to allow challenges based on alleged deliberate omissions."  <u>United States v. Reivich</u>, 793 F.2d 957, 960 (8th Cir. 1986).  More specifically,

> [w]here an issuing judge's probable cause determination was premised on an affidavit containing false or omitted statements, the resulting search warrant may be invalid if the defendant can prove by a preponderance of evidence "(1) that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading . . . and (2) that the affidavit, if supplemented by the omitted information would not have been sufficient to support a finding of probable cause."

<u>United States v. Williams</u>, 477 F.3d 554, 557 (8th Cir. 2007) (quoting <u>Reivich</u>, 793 F.2d at 961).  However, because there is a "presumption of validity with respect to the affidavit supporting the search warrant," <u>Franks v. Delaware</u>, 438 U.S. 154, 171 (1978), a defendant is not entitled to an evidentiary hearing on this issue (i.e., a <u>Franks</u> hearing) unless he makes a "substantial preliminary showing," <u>Williams</u>, 477 F.3d at 557.  "The substantiality requirement is not lightly met."  <u>Id.</u> at 558.

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient.

<u>Franks</u>, 438 U.S. at 171.  Moreover, "if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient

content in the warrant affidavit to support a finding of probable cause, no hearing is required." Id. at 171-72.

      The defendant argues that the affiant omitted the following facts with reckless disregard of whether they made the affidavit misleading: 1) officers entered the residence before applying for a warrant; 2) officers "saw and/or seized evidence at the residence"; and 3) "the alleged lessee of the [residence] is one of the Defendants" and was "already in custody." (Filing 53 at 2 (footnoted omitted).) "Franks offers little guidance in determining whether an omission-based misrepresentation was made with reckless disregard for the truth or merely out of negligence." Williams, 477 F.3d at 559 (citing United States v. Namer, 680 F.2d 1088, 1094 (5th Cir. 1982)). The Eighth Circuit has held, however, "that recklessness may be 'inferred from the fact of omission of information from an affidavit . . . when the material omitted would have been "clearly critical" to the finding of probable cause.'" Id. (quoting United States v. Reivich, 793 F.2d 957, 961 (8th Cir. 1986)). None of the three omissions identified by the defendant are "clearly critical" to the finding of probable cause.

      First, I note that the exhibits submitted by the defendant in support of his motion to suppress do establish that officers entered the residence before applying for a search warrant in order to "clear[] [the residence] for people," and there is no indication that the officers discovered anything incriminating during that entry. (Filing 43, Ex. 1, at 2.) However, I agree with the magistrate judge that if this information had been included in the warrant application, it would not have undermined the probable cause determination. Although the officers found no incriminating evidence lying in plain view during their sweep, it does not follow that there was no fair probability that contraband or evidence of a crime would be found during a search of the residence.

      Second, I note that the defendant has not made a substantial preliminary showing that officers "saw and/or seized evidence at the residence" during the initial warrantless entry. (Filing 53 at 2; see also filing 43, Ex. 1 (indicating only that "the residence was cleared for people" during the initial entry).) In other words, the defendant's allegation is merely conclusory, and it

7

is therefore insufficient to warrant a Franks hearing.[1]

Finally, the defendant has failed to explain why the fact that the lessee of the residence was in custody might be "clearly critical" to the finding of probable cause. (See filing 53 at 2-4; Mot. to Suppress & Mem. of Law, filing 43, at 9-10.) It seems to me that if this information were added to the warrant affidavit, the affidavit would nevertheless establish "a fair probability that contraband or evidence of a crime" would be found at the residence. Illinois v. Gates, 462 U.S. 213, 238 (1983); see also United States v. Williams, 477 F.3d 554, 557 (8th Cir. 2007).

In sum, the defendant has failed to establish that he is entitled to a Franks hearing, and I must therefore reject his second (and final) objection to the magistrate judge's report and recommendation.

**IT IS THEREFORE ORDERED** that:

1. the defendant's objections to the magistrate judge's report and recommendation, filing 53, are overruled;

2. the magistrate judge's report and recommendation, filing 47, is adopted; and

3. the defendant's motion to suppress, filings 37 and 43, is denied.

Dated May 16, 2007.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[1] Parenthetically, I note that because there is no indication that evidence was discovered during the initial entry, and because there is no mention of the initial entry in the warrant application, it is clear that "[n]o information obtained during the initial entry . . . was needed or used by the agents to secure the warrant." Segura v. United States, 468 U.S. 796, 814 (1984). In other words, as the magistrate judge suggested, "[w]hether the initial entry was illegal or not is irrelevant to the admissibility of the challenged evidence because there was an independent source for the warrant under which that evidence was seized." Id. at 813-14. (See also filing 47 at 8.)

8